UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK HARRIS and TINA HARRIS, | § | |
| as next friends of P.H., a minor, | § | |
| | § | |
|     Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. H-07-635 |
| | § | |
| FORT BEND INDEPENDENT SCHOOL | § | |
| DISTRICT, AND SHELTON CHAVIS | § | |
| AND SHIRLEY CHAVIS, individually | § | |
| and as Guardians of R.G., | § | |
| | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court are the following: 1) Partial Motion to Dismiss and Supplemental Motion to Dismiss by Defendant Fort Bend Independent School District, and 2) Motion to Dismiss filed by Defendants Shelton Chavis and Shirley Chavis. After considering the parties' filings and the applicable law, the Court finds that the motions filed by Defendant Fort Bend Independent School District, Docket Nos. 6 and 34, should be **GRANTED.** The Motion to Dismiss filed by Defendants Shelton and Shirley Chavis, Docket No. 9, should be **DENIED.**

## I.    BACKGROUND

This civil rights case arises from a disturbing series of alleged events. Taking the facts recited in the First Amended Complaint to be true, P.H., a six year-old child, was sexually assaulted in February 2005 by R.G., a first-grade classmate at Hunter's Glen Elementary School in the Fort Bend Independent School District. Plaintiffs allege that P.H. and R.G. were sent unsupervised into a boys' restroom, where R.G. forcibly pulled down P.H.'s pants and initiated unwanted sexual contact. R.G. also coerced P.H. into

touching his own body.  Another first-grader alerted the classroom teacher, who stopped the incident.  Plaintiffs state that as R.G. was being restrained, he threatened P.H. with future harm.

Plaintiffs allege that after the incident, school principal Linda Ware and vice-principal Pamela Dearman met with Shelton and Shirley Chavis, R.G.'s grandparents and guardians.  The Complaint states that at that meeting, "Ms. Ware was again warned of R.G.'s at-home history of aggressive and sexually inappropriate behavior."  Ware and Dearman later met with P.H.'s father, Plaintiff Patrick Harris, and assured him that P.H. would be safe from future attacks and that R.G. would be transferred immediately to another classroom.

In reality, however, R.G. was not transferred, but remained in the same classroom as P.H.  Furthermore, the school "summarily suspended" both boys for three days. Plaintiffs assert that "[a]s late as Monday, March 14, 2005 . . . both Ms. Soileau [the teacher] and Ms. Dearman knew that P.H. and R.G. remained in the same classroom, despite the school's express promise to Mr. Harris that R.G. would be removed from P.H.'s classroom."  On March 15, 2005, R.G. was sent by the classroom teacher into a boys' restroom that P.H. was using, and R.G. again forcibly touched P.H.'s genitalia. P.H. reported the incident to the teacher, but no parents were called; instead, the Harrises found out about the second encounter only when P.H. told them about it that evening. When Plaintiff Patrick Harris met with school administration the following morning, Dearman did not provide a satisfactory explanation as to why R.G. had not been moved to another classroom.  Eventually, R.G. was expelled from Hunter's Glen and transferred to another school district.

2

Plaintiffs have filed the instant lawsuit, asserting federal law civil rights claims against Fort Bend ISD and state law claims against the Chavises.  Plaintiffs claim that Fort Bend ISD is liable under 42 U.S.C. § 1983 for its violation of P.H.'s Fourteenth Amendment right to be free from state-occasioned damage to his bodily integrity, and that Fort Bend has violated P.H.'s rights under Title IX of the Civil Rights Act of 1964. Against the Chavises, Plaintiffs state claims for negligence and gross negligence, alleging that the Chavises failed to control R.G., and to warn or protect others about his aggressive behaviors.  Plaintiffs seek compensatory damages, exemplary damages, lost future earnings, and attorney's fees under 42 U.S.C. § 1988.

Defendant Fort Bend ISD now moves to dismiss Plaintiffs' Section 1983 claim. Shelton and Shirley Chavis seek to dismiss all state law causes of action asserted against them.  On June 7, 2007, the Court gave Plaintiffs leave to amend their original Complaint, and allowed Defendant Fort Bend ISD to submit supplemental briefing on its Partial Motion to Dismiss.  All writings have now been received.

## II.  ANALYSIS

### A.  Motion to Dismiss for Failure to State a Claim

Defendant Fort Bend ISD moves to dismiss Plaintiff's Section 1983 cause of action against it for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6) (2006).  A district court will dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief."  *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994).  When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in

the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).  However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1992).

The Court agrees that Plaintiffs' Section 1983 claim against Defendant Fort Bend ISD must be dismissed, for failure to allege a government policy or custom that caused P.H.'s alleged injuries.  A municipality may be held liable under Section 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under Section 1983." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).  Therefore, to hold Defendant Fort Bend ISD liable under Section 1983, Plaintiff must identify "1) a policymaker; 2) an official policy; 3) and a violation of constitutional rights whose 'moving force' is the policy or custom." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).  Further, the  policymaker must have final policymaking authority.  *Id.*

It is clear in the Fifth Circuit that under Texas law, a public school district's final policymaking authority rests exclusively with its board of trustees.  *See Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 216 (5th Cir. 1998).  The First Amended Complaint, however, points to no policy or custom propagated by the Fort Bend ISD board of trustees that led to P.H.'s injury.  With regard to the Defendant school district, the First Amended Complaint states the following allegations:

- "Prior to the first assault, the school district took no precaution and implemented no safeguards against a foreseeable attack.  After the first assault, the school

district failed to take remedial or protective actions to prevent subsequent attacks, despite numerous reassurances made to P.H.'s parents by school officials."  First Am. Compl. 2.

- "Ultimately, unimpeded by any school district action, and enabled by school district action, RG carried out his threat."  *Id.* at 3.
- "FBISD failed Patrick Harris, Trina Harris and their son.  Ft. Bend's deliberate indifference and complete disregard for P.H.'s safety, liberty, and well being allowed RG means to commit a second assault.  Indeed, FBISD exacerbated the danger to P.H. by requiring that P.H. and R.G. attend the restroom together."  *Id.* at 4
- "On March 15, 2005, FBISD's deliberate indifference led to a second assault."  *Id.*

None of these allegations, even if taken as true, suggests a policy or custom enacted by the Fort Bend ISD board of trustees.  At best, these contentions point to individual – not systematic or customary – actions taken by the Defendant school district. In fact, Defendant Fort Bend ISD appears simply to have been inserted in place of the individual school authorities who actually took (or failed to take) the alleged actions. There is, however, no *respondeat superior* liability for municipal entities under Section 1983.  *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 304 (1997). Because the First Amended Complaint fails to allege any facts that, even when viewed in the light most favorable to Plaintiffs, suggest a municipal policy or custom that caused P.H.'s injuries, the Section 1983 claim against Defendant Fort Bend ISD must be dismissed.[1]  The Court need not address any of Defendant's other arguments.

**B.  Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

Defendants Shelton Chavis and Shirley Chavis move to dismiss Plaintiff's claims against them under Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter

---

[1] Plaintiffs' failure to plead facts pointing to a municipal policy or custom is even more striking considering that Plaintiffs were given leave to amend their Complaint at the June 7, 2007 hearing, during which the Court specifically expressed its concern that the original complaint would likely be inadequate under *Monell*.

jurisdiction.  The Chavises argue that the state law claims against them raise no federal question or other basis for federal court jurisdiction.

It is apparent, however, that the Court may exercise its supplemental jurisdiction over Plaintiff's claims against the Chavises under 28 U.S.C. § 1367.[2]  Because a federal claim still pends against Defendant Fort Bend ISD – Plaintiffs' claim under Title IX of the Civil Rights Act of 1964 – supplemental jurisdiction in this case is proper.  Defendant Shelton and Shirley Chavis's Motion to Dismiss is denied.

### III.     CONCLUSION

Defendant Fort Bend ISD's Partial Motion to Dismiss and Supplemental Motion to Dismiss are hereby **GRANTED.**  Plaintiff's Section 1983 claim against Defendant Fort Bend ISD is **DISMISSED WITH PREJUDICE.**  The Motion to Dismiss filed by Defendants Shelton and Shirley Chavis is hereby **DENIED.**

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 14th day of August, 2007.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**

---

[2] "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a) (2006).