UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PATRICK HARRIS and TINA HARRIS, as next friends of P.H., a minor,<br><br>Plaintiffs,<br>v.<br><br>FORT BEND INDEPENDENT SCHOOL DISTRICT, AND SHELTON CHAVIS AND SHIRLEY CHAVIS, individually and as Guardians of R.G.,<br><br>Defendants. | § § § § § § § § § § § § § CIVIL ACTION NO. H-07-635 |

## MEMORANDUM AND ORDER

Before the Court is Defendant FBISD's Motion for Independent Medical Examination. For the reasons explained below, Defendant's Motion (Doc. No. 43) is **GRANTED**.

I.   BACKGROUND

This case involves an alleged sexual assault involving two first grade students at Hunters' Glen Elementary School. Plaintiffs allege that their son P.H. was assaulted on two occasions in the school restroom by fellow student R.G. Plaintiffs have sued Fort Bend Independent School District (FBISD) and R.G.'s guardians for, among other things, negligence and violations of Title IX of the Education Amendments of the Civil Rights Act of 1964. Plaintiffs claim that P.H. suffered serious physical and psychological harm as a result of the alleged assaults and sue for, *inter alia*, past and future physical pain, physical disfigurement, past and future mental anguish, past and future medical expenses, and loss of enjoyment of life.

1

Plaintiffs have designated two psychiatrists as expert witnesses in this matter. These psychiatrists have provided opinions regarding their evaluation and treatment of P.H. Defendant asks the court to compel P.H. to submit to an independent medical examination by Dr. Ernest A. Kendrick, a child and adolescent psychiatrist. Plaintiffs object to this examination and express concern that subjecting P.H. to an additional examination will exacerbate the trauma that he experienced as a result of the alleged sexual assault. Plaintiffs admit that P.H.'s mental and physical condition is in controversy. They argue, however, that there is no good cause for an additional examination because Defendant can obtain the information it needs through less intrusive means. Plaintiffs also claim, in the alternative, that the motion is premature, and FBISD should wait until after it deposes Plaintiffs' experts to determine whether it needs an independent exam.

## II.   ANALYSIS

Rule 35 of the Federal Rules of Civil Procedure allows a court to order a party "whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control." FED. R. CIV. P. 35(a). This order "may only be made on motion for good cause shown." *Id.*

The "good cause" requirement of Rule 35(a) cannot be "met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). Alleging

damages for emotional distress, by itself, does not always provide good cause for ordering a Rule 35 medical examination, *see, e.g., Lahr v. Fulbright & Jaworski*, 164 F.R.D. 204 (N.D. Tex.1996), but where Plaintiffs additionally "allege a specific mental or psychiatric injury" or offer expert testimony in support for a emotional distress claim, courts have found good cause for ordering such an exam, *see Javeed v. Covenant Medical Center, Inc.*, 218 F.R.D. 178, 179 (N.D. Iowa 2001); *Fischer v. Coastal Towing Inc.*, 168 F.R.D. 199, 201 (E.D. Tex.1996) (holding that without an independent examination to rebut the reports of plaintiff's expert, defendant has no way to adequately scrutinize the conclusions of plaintiff's expert). "One of the factors which must be considered in determining good cause is whether the defendants have utilized other discovery procedures before seeking the mental examination." *Anson v. Fickel*, 110 F.R.D. 184, 186 (N.D. Ind.1986); *see also McLaughlin v. Atlantic City*, 2007 WL 1108527, at *4 (D.N.J. Apr. 10, 2007) ("One common theme running through these decisions . . .is that a request to examine a party will be denied when the information that can be obtained from a Rule 35 examination is available through other means."). However, courts have found good cause exists to order a medical examination despite the fact that a defendant may have access to the plaintiffs' medical records and is able to depose the plaintiffs' therapists. *See, e.g., Eckman v. University of Rhode Island*, 160 F.R.D. 431, 434 (D.R.I. 1995). Although at least one district court refused to find good cause for a Rule 35 medical examination where defendants had "copies of all social, medical, psychiatric, psychological testing and evaluation" and could interview the minor child's relatives, friends, and acquaintances to determine the child's intellectual functioning, there was no indication in that case that the plaintiff intended to call her own psychiatrists to testify as

experts regarding her emotional condition or intellectual functioning. *See Pearson v. Norfolk-Southern Ry. Co., Inc.*, 178 F.R.D. 580, 582 (M.D. Ala. 1998).

Plaintiffs note that FBISD has access to P.H.'s school records, the investigative records of the Harris County Child Protective Services, and the records of the mental health care professionals who examined P.H. at Plaintiffs' request. Plaintiffs also maintain that FBISD will be able to depose Plaintiffs' experts and have been able to depose P.H.'s parents about P.H.'s mental and physical condition. Defendant FBISD emphasizes, however, that Plaintiffs have designated two psychiatrists as expert witnesses and maintain that they need P.H. to submit to an examination by a psychiatrist of their choice to offer the jury a "balanced emotional profile" regarding P.H.'s mental state and physical conditions. Defendant also contends that this information is not available through less obtrusive means, and point out that Plaintiffs have only made P.H. available for a very limited deposition after repeated requests.

The Court fully understands why Plaintiffs wish to shield P.H. from further questioning about the two alleged incidents. Plaintiffs have, however, clearly placed P.H.'s mental and emotional condition in controversy and intend to call their own psychiatrists as expert witnesses at trial. Thus, despite the fact that Defendant may have access to other files, the Court finds that Defendant has shown that good cause exists for ordering a Rule 35 examination. Requiring Defendant to wait to schedule the exam until after it deposes Plaintiffs' experts would only delay this inevitable conclusion. The Court will therefore **GRANT** Defendant's motion and orders that P.H. be examined by Dr. Ernest A. Kendrick at a time and date to be agreed by the parties. Should parties fail to

reach agreement regarding the time, date, scope, or manner of the examination, they shall bring such problems to the attention of the Court.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 27th day of December, 2007.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**